## Ernico v. Danchak

*John P. Lavelle,* for plaintiff.
*Thomas S. McCready,* for defendants.

HEIMBACH, P. J., July 25, 1972.—We have defendants' motion for judgment on the pleadings.

Defendant* Emma Danchak chronicles the events leading up to her motion as follows:

On or about March 13, 1969, plaintiff rented skis from defendants, who were in the business of renting skis to persons who planned to ski at the Big Boulder slopes in the Poconos. At the time defendant rented the skis, he signed a release, the content of which is fully set forth later in this opinion. While skiing, plaintiff fractured his leg and then filed a complaint alleging negligence on the part of defendants on the theory that defendants or their employes failed to properly adjust, fit and install the skis which had been rented from them by plaintiff. Defendant, Emma Danchak, filed an answer to the complaint wherein,

---

* Defendant John Danchak is now deceased.

inter alia, she alleged as a defense under new matter the release which plaintiff had signed. No reply was filed by plaintiff to defendant's answer and new matter.

The question we are called upon to decide is this:

Does the release executed by the plaintiff in favor of the defendants relieve the defendants from liability for injuries and damages suffered by the plaintiff?

The answer is no.

The pertinent part of such agreement and signed by plaintiff is this:

"I, the undersigned accept full responsibility for the care of the equipment listed above while it is in my possession and agree to reimburse Big Boulder Ski Shop for any loss.

"I fully agree to pay the deposit for the equipment advance.

"I release Big Boulder Ski Shop from any responsibility for damage to any person or property resulting from the use of this equipment, accepting myself with the full responsibility for any and all such damage."

Defendant in her brief correctly states the principle of law involved in lifting bodily the following statement from the court's opinion in Dilks v. Flohr Chevrolet, 411 Pa. 425; 434-435, 436:

"Despite the general *validity* of exculpatory provisions, certain standards have been established which must be met before an exculpatory provision will be interpreted and construed to relieve a person of liability *for his own or his servants' acts of negligence* . . . 'Contracts against liability for negligence are not favored by the law. In some instances, such as common carriers, they are prohibited as against public policy. In all cases, such contracts should be construed strictly, with every intendment against the party seeking their protection.' . . .

336

"The principle which underlies all these cases is that, where a person claims that, under the provisions and terms of a contract, he is rendered immune from and relieved of any liability for negligent conduct on his part or on the part of his employees, the burden is upon such person to prove (a) that such contractual provisions and terms do not contravene public policy and (b) that the provisions and terms of the contract *clearly* and *unequivocally* spell out the *intent* to grant such immunity and relief from liability."

Since we are to construe the agreement strictly against defendant, we are unable to state that its provisions and terms clearly spell out the intent to grant such immunity and relief from liability for any personal injuries as a result of defendants' negligence.

The agreement may well be construed to mean only that plaintiff agreed to save harmless defendants from any injuries or damages he caused to another person while using defendants' equipment.

For the foregoing reason we enter the following

### ORDER

Now, to wit, this July 25, 1972, defendants' motion for judgment on the pleadings is denied.